## City of Paducah, Ex Parte.

(Decided January 19, 1923.)

Municipal Corporations—Ordinances—Ex Parte Proceeding.—The provision in the charter for cities of the second class authorizing an *ex parte* proceeding to test the validity of a city ordinance does not include the right of the city to institute such a proceeding for the purpose of havng a provision of the charter construed.

W. V. EATON and ROSCOE REED for appellant.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

Paducah is a city of the second class. It has instituted this *ex parte* proceeding for the purpose, as alleged, of testing the validity of an ordinance.

The authority to maintain such proceeding is found in the charter for cities of the second class, section 3063, Kentucky Statutes, as follows:

"The validity of city ordinances and by-laws may be tried by writ of prohibition from the circuit court, with right of appeal to the Court of Appeals, or upon *ex parte* petition by the city or any *bona fide* citizen and resident thereof, to the circuit court, with right of appeal."

The city is organized under what is known as "The Commission Form of Government Act," and it is alleged in the petition that the board of commissioners, under authority of the charter, passed a resolution providing for the construction of a driveway on Jefferson street in that city between Seventeenth and Twenty-fifth streets, and providing the same should be constructed of improved paving materials, and declaring the improvement to be a necessity. That resolution provides that the improvement shall be done under the ten year payment plan, "and assessed against the abutting property owners thereon on both sides thereof, except that the Paducah Railway Company, which owns a strip of ground through the center of said street twenty feet wide and abutting on both sides of said proposed improvement, shall, by reason of its abutting on both sides of said improvement, be assessed and pay one-half of the cost of said construction, and that the cost of paving such portion of said street so abutting upon said strip of ground, which belongs to the Paducah Railway Company, shall be assessed against said Paducah Railway Company, and a tax shall be levied upon all the property, assets and franchises of such company in the city of Paducah for the payment thereof;" and a similar recital is contained in the ordinance subsequently passed authorizing and providing for the street improvement.

The allegation is that the Paducah Railway Company is the owner in fee simple of that strip of twenty feet in the center of Jefferson street from Seventeenth street to Twenty-fifth street, and that the twenty foot strip is enclosed between Nineteenth street and Twenty-fifth street with a stone or granite curb to a height of from two to six inches, and such space so enclosed is not used by the public as a part of the driveway, but is exclusively used by the Paducah Railway Company in the operation of its lines.

It is recited in the ordinance that the Paducah Railway Company shall in the construction and reconstruction of that street and driveway be treated as an abutting property owner within the meaning of that term in charters for cities of the second class, and liable as such

for one-half of the improvement. The prayer of the petition is as follows:

"Wherefore the petitioner prays judgment of the court, determining whether the ordinance, herein described and referred to and made a part hereof, is valid, and to construe said ordinance, to determine whether the petitioner, through its legislative department, has the power and authority to adopt such an ordinance and enforce its provisions, and whether or not the Paducah Railway Company can be required, by ordinance of the city of Paducah, to pay for an improvement on the streets of said city, to-wit: on Jefferson street from Seventeenth street to Twenty-fifth street, and cause the cost thereof to be paid by said Paducah Railway Company as an abutting property owner, under the facts alleged in this petition; and petitioner further prays for any and all other legal and equitable relief to which it may appear entitled."

The only allegation specifying or pointing out the question or questions intended to be raised is:

"That the validity of the ordinance, aforesaid, is in doubt because of some of the facts and provisions stated in the ordinance, and because of the facts hereinafter set out."

In short, the whole petition and the prayer therein, together with the whole argument of the brief on file for the city, show that it is sought in this *ex parte* petition to have determined the question of law and fact involved in the inquiry whether the twenty foot strip of land alleged to be owned in fee by the Paducah Railway Company in the center of Jefferson street is abutting property within the meaning of the charter provisions of the city, so as to charge that company with a part of the cost of the improvement of the driveway on each side of the twenty foot strip.

The lower court merely entered an order dismissing the petition and adjudging costs against the city and did not, in any way, indicate the validity or invalidity of the ordinance in any respect.

This action was probably based upon the court's opinion that it was not such an *ex parte* proceeding as is contemplated in section 3063, but that the real purpose of the proceeding was to have the question determined whether the twenty foot strip was within the meaning of the charter for cities of the second class abutting property; and that as that question involved a property right

of the railway company it could not be determined in a proceeding to which it was not a party. There is no suggestion in the pleading or in the argument of counsel that the ordinance is in any respect, or for any reason, invalid, or has been called in question except the recital in the ordinance that the twenty foot strip is abutting property. So it is perfectly clear that is the only question sought to be determined in this proceeding.

Analyzing the allegations of the petition, aided as we are by the arguments in the brief on file for the city, it seems clear that the real purpose of the proceeding is not to have adjudged the validity or invalidity of an ordinance, but is in fact an effort, under the guise of having the validity of an ordinance tested, to have the charter for cities of the second class interpreted. Whether the twenty foot strip is abutting property within the meaning of the charter is the only question involved, and there is no authority for an *ex parte* proceeding to determine that question.

Judgment affirmed.